IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LILIA Q. RYAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-949-RGA |
| | : |
| DELAWARE PARK CASINO, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

Plaintiff Lilia Q. Ryan, proceeding *pro se*, filed this employment discrimination action on July 19, 2022. (D.I. 1). Before the Court are Defendants' motion to dismiss (D.I. 7) and Plaintiff's request for appointed counsel (D.I. 16). Plaintiff opposes dismissal. (D.I. 17).

I.  **BACKGROUND**

Plaintiff's allegations are accepted as true at this stage of the proceedings and are as follows.[1] Plaintiff is employed as a casino dealer at the Delaware Park Casino. She identifies as an Asian female of Filipino national origin over the age of 40, and brings claims for sexual harassment, retaliation, harassment based on race and national origin, and hostile work environment. Plaintiff describes a work environment in which a group of regular casino patrons made persistent sexual advances, obtained her phone number and harasssed her over the phone, followed her from table to table, and

---

[1] These allegations are mostly taken from Plaintiff's 2021 charge of discrimination. (D.I. 1-1 at 17-18). As discussed below, the allegations in her 2019 charge of discrimination are time barred.

harassed her based on her race and national origin. Her reports to management only led to bullying and harassment from management, and more harassment from the regular casino patrons. Her co-workers ridiculed her, calling her a witch and a black widow. After she reported having been inappropriately touched by fellow employees, shift supervisors retaliated against her by incorrectly writing her up for purportedly closing her table with money missing.

For relief, Plaintiff seeks damages. Defendants have moved to dismiss the Complaint, asserting that some claims are time barred and others fail to state a claim. Plaintiff opposes dismissal. Plaintiff has also requested appointed counsel.

## II. LEGAL STANDARD

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), I must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). I am "not required to credit bald assertions or legal

conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12.  That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.*  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. DISCUSSION

#### A. 2019 Charge of Discrimination

In July 2019, Plaintiff filed her first charge of discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission ("EEOC"). (D.I. 1-1 at 14-15).  On September 13, 2021, the EEOC issued a notice of right to sue letter, advising Plaintiff that if she chose to file a lawsuit bringing federal claims based on her charge of discrimination, the lawsuit needed to be filed within 90 days.  (*Id.* at 10).  The failure to file suit within 90 days after the receipt of a notice from the EEOC renders a plaintiff's action untimely.  *See* 42 U.S.C. § 2000e-5(f)(1); *Waiters v. Aviles*, 418 F. App'x 68, 71 (3d Cir. 2011).  The Third Circuit strictly construes the 90-day rule and has "held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of*

*the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  If the date of receipt of a right-to-sue letter is unknown or in dispute, "courts will presume that a plaintiff received [the] right-to-sue letter three days after the EEOC mailed it."  *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

Plaintiff filed this lawsuit on July 19, 2022, over 300 days after the EEOC issued the notice of right to sue on September 13, 2021.  (D.I. 1).  Accordingly, the claims based on the 2019 charge of discrimination must be dismissed as time-barred.

### B.  2021 Charge of Discrimination

Defendants concede that Plaintiff's claims based on the 2021 charge of discrimination are timely, but they argue that her allegations fail to state any claims.  I disagree.  Liberally construing Plaintiff's allegations, as I must, she has sufficiently stated various claims for employment discrimination.

### C.  Request for Appointed Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), I may request an attorney to represent any person unable to afford counsel.  Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*.  Plaintiff has neither moved for, nor been granted, *in forma pauperis* status.  Therefore, she does not qualify for consideration of appointed counsel under § 1915 at this time.  Should Plaintiff move for, and be granted *in forma pauperis* status, she may again request appointed counsel and I will consider her request.[2]

---

[2] I note that typically employment discrimination cases are taken on by counsel on a contingency basis.  Plaintiff should, if she has not already, try to interest the lawyers who represent plaintiffs in employment cases in her case.  If such a lawyer thinks the case has merit, that lawyer would likely represent her on a contingency basis.

## IV.  CONCLUSION

Now therefore, at Wilmington, this 22nd day of September, 2023;

IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (D.I. 7) is **GRANTED in part and DENIED in part**.

2. Plaintiff's claims based on the 2019 charge of discrimination are **DISMISSED**.

3. Plaintiff's request for appointed counsel (D.I. 16) is **DENIED without prejudice to renew**.

4. Defendants shall file their answer within twenty-one (21) days of this Memorandum Order.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE